IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

PLASTIC FILM, LLC,                                                                    PLAINTIFFS

VS.                                                             CIVIL NO. 5:25-cv-30-DCB-LGI

UNITED STATES OF AMERICA and
UNITED STATES INTERNAL REVENUE
SERVICE,                                                                              DEFENDANTS

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

This matter comes before the Court on Defendants United States of America and United States Internal Revenue Service (collectively "defendants") Motion to Dismiss the Complaint [ECF No. 13]. Defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(B)(1) and 12(B)(6). Id. at 1. Having fully considered the Motions and applicable law, the Court finds that Defendant's motion should be granted in part and denied in part.

I.   BACKGROUND

On April 1, 2025, Plastic Film, LLC ("Plastic Film" or "Plaintiff"), filed a complaint against Defendants, setting forth the following causes of action, in numerical order: (1) refund of payroll taxes pursuant to 26 U.S.C. § 7422(a); (2) violation of the Administrative Procedure Act ("APA")'s notice-and-comment rulemaking requirement under 5 U.S.C. § 553; (3) arbitrary and

capricious agency action under 5 U.S.C. § 706(2)(A); and (4) unlawful agency action under 5 U.S.C. § 706(A) and (C). [ECF No. 1] at 8-13.

On October 10, 2025, Defendants filed a Motion to Dismiss the Complaint [ECF No. 1] submitted by Plastic Film, asserting that "the Plaintiff has failed to state a viable cause of action for Counts I through IV and the Court lacks subject matter jurisdiction over Counts II through IV." [ECF No. 13] at 1. With respect to Count I, Defendants argue that the IRS "issued refunds for three of the four quarters, and thus any refund claims for those quarters are moot." [ECF No. 14] at 3. As to the remaining claim for the third quarter of 2020, Defendants contend that it should be dismissed under Rule 12(b)(6) because the "Complaint fails to allege sufficient facts that demonstrate Plastic Film's business was fully or partially suspended by a governmental order." Id. Additionally, Defendants argue that Counts II through IV should be dismissed under Rules 12(b)(1) and 12(b)(6) because "Plastic Film lacks standing to bring its APA claim because it cannot demonstrate a harm redressable by setting the Notice aside," and there is "no waiver of sovereign immunity for an APA claim because Plastic Film has an adequate legal remedy—this tax refund lawsuit." Id. at 3-4. Defendants further assert that the APA claim lacks merit because the "IRS's issuance of Notice 2021-20 was not an arbitrary and

capricious action that violated notice-and-comment rules." Id. at 4.

On October 24, 2025, Plaintiff filed its response to Defendants' Motion to Dismiss, agreeing that its refund claims for the second quarter of 2020, the fourth quarter of 2020, and the second quarter of 2021 should be dismissed as moot because Plaintiff received its Employee Retention Credit ("ERC") refunds for those quarters. [ECF No. 16] at 4. Plaintiff further maintains that it has alleged sufficient facts to support its remaining refund claim for quarter three of 2020 and that it is not required to plead the specific government orders that led to the partial suspension of Plastic Film. Id. at 9. Additionally, Plaintiff asserts that the Court has jurisdiction over the injunctive relief claims, as Plaintiff has alleged an injury that "would be redressed by an injunction or vacatur," thereby establishing standing. Id. at 12. Finally, Plaintiff contends that sovereign immunity is waived because the refund claim is "separate and distinct from the Injunctive Relief Claims" and it is not an "alternate, adequate remedy for the Injunctive Relief Claims." Id. at 15.

On October 31, 2025, Defendants filed their rebuttal, arguing that the *Twombly* and *Iqbal* pleading standards require Plaintiff to identify at least one governmental order on which it relies, that Plaintiff has not alleged a harm sufficient to confer standing for

its APA claim, and that the tax refund suit constitutes an adequate legal remedy that precludes APA review. [ECF No. 17].

After careful consideration of all motions and the arguments presented, the Court now addresses the merits of the parties' positions:

II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction over the action. The plaintiff bears the burden of establishing that jurisdiction exists. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). In evaluating a Rule 12(b)(1) motion, the Court may consider the complaint as well as any evidence submitted to determine whether subject matter jurisdiction exists. See Land v. Dollar, 330 U.S. 731, 735 n.4 (1947). If the Court determines at any time that it lacks subject matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(h)(3).

Federal Rule of Civil Procedure 12(b)(6) allows Defendants to move to dismiss the case due to Plaintiff's failure to state a claim upon which relief can be granted. To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Great Lakes Dredge & Dock Co. LLC v. La. State, 624 F.3d 201, 210 (5th Cir. 2010) (Quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The factual allegations in a complaint must be enough to raise the right to relief above the speculative level. See, e.g., Twombly, 550 U.S. at 555; Great Lakes Dredge, 624 F.3d at 210. The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." Great Lakes Dredge, 624 F.3d at 210.

In motions made under Rule 12(b)(6), "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." Ironshore Europe DAC v. Schiff Hardin, LLP, 912 F.3d 759, 763 (5th Cir. 2019). The Court may also consider matters of public record, Davis v. Bayless, 70 F.3d 367, n. 3(5th Cir. 1995), and any other matters of which it may take judicial notice. Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011). "If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). However, the

5

"district court has complete discretion to either accept or exclude the evidence." Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC, 255 F. App'x 775, 783 (5th Cir. 2008).

### III. ANALYSIS

#### A. Mootness of Refund Claims for Quarters Two 2020, Four 2020, and Two 2021

A claim becomes moot when the issues presented are no longer "live" or the "parties lack a legally cognizable interest in the outcome." See Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (Citing Murphy v. Hunt, 455 U. S. 478, 481 (1982) (*per curiam*) (some internal quotation marks omitted)).In the context of tax refund actions, if the plaintiff has already received the requested refund, there is no longer a controversy for the Court to resolve, and the claim must be dismissed as moot.

Here, Plaintiff concedes in its response to the motion to dismiss that it has received the ERC refunds for the second quarter of 2020, the fourth quarter of 2020, and the second quarter of 2021. [ECF No. 16] at 4. Plaintiff agrees that its refund claims for these quarters may therefore be dismissed as moot. Id.

Accordingly, because there is no longer a live controversy as to the refund claims for quarters two 2020, four 2020, and two 2021, these claims are moot and will be dismissed.

#### B. Sufficiency of Allegations for Refund Claim – Quarter Three 2020

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570 (2007). Under this standard, the complaint need only allege facts sufficient to raise a reasonable expectation that discovery will reveal evidence to support the plaintiff's claim. Twombly, 550 U.S. at 556. In the context of a tax refund action, the plaintiff must plead facts demonstrating entitlement to the refund, including compliance with the statutory and regulatory prerequisites for such a claim. See, e.g., 26 U.S.C. § 7422(a). Specifically, before commencing a tax refund suit in federal court, a taxpayer must first file a valid administrative claim for refund with the IRS. Id. Furthermore, a taxpayer is generally required to wait six months after filing the administrative claim before initiating a lawsuit in federal district court. 26 U.S.C. § 6532(a)(1). Section 7422(a) does not impose heightened pleading requirements as to the factual details supporting entitlement to the claimed refund.

In this case, the regulatory requirements for a tax refund claim are met in the Complaint. Plaintiff alleges that, "[o]n or about November 6, 2023, Plaintiff filed Forms 941-X with the IRS for Q2 2020, Q3 2020, Q4 2020, and Q2 2021, claiming ERC refunds," and that Plastic Film commenced this refund action more than six months after November 6, 2023. [ECF No. 1] at 8. Plaintiff further

7

alleges that its business operations were suspended in response to governmental orders issued during the COVID-19 pandemic. Id. Plaintiff provides context and details regarding the impact of those orders, and claims that such suspensions rendered it eligible for the Employee Retention Credit (ERC). Id. ("As a result [of compliance with State, Local, or Federal government-issued orders], Plaintiff's Food and Industrial divisions suffered severe decreases in quarterly gross receipts in 2020 and 2021 compared to the corresponding calendar quarters of 2019.")

Although the Complaint does not identify a specific governmental order, there is no statutory, regulatory, or binding precedent requiring such specificity at the pleading stage. Whether the referenced orders ultimately substantiate Plaintiff's eligibility for the credit presents a fact-intensive issue appropriately addressed through discovery or at summary judgment. The Court finds Plaintiff's argument persuasive that, given the numerous state, local, and federal orders potentially applicable to the partial suspension of operations, a claimant should not be required to identify a particular order at this stage. [ECF No. 16] at 10.

The Court concludes that Plaintiff's allegations are sufficient to plausibly state a claim for refund and to raise a reasonable expectation that discovery may yield evidence supporting its entitlement to the ERC.

Accordingly, Plaintiff's refund claim for the third quarter of 2020 survives the motion to dismiss.

### C. Standing and Subject Matter Jurisdiction for APA Claims (Counts II-IV)

To establish standing under Article III, a plaintiff must demonstrate (1) an injury in fact that is concrete and particularized, (2) a causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992). In addition, federal courts are courts of limited jurisdiction and must dismiss claims over which they lack subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

Plaintiff alleges that it suffered economic injury as a result of the IRS's denial or delay of its ERC claim, purportedly based on the interpretation provided in Notice 2021-20. [ECF No. 16] at 16. Economic injury is generally recognized as a concrete injury sufficient to establish Article III standing. See Nat'l Infusion Ctr. Ass'n v. Becerra, 116 F.4th 488 (5th Cir. 2024). The Court further notes that Plastic Film seeks injunctive relief on Counts II-IV, which constitutes prospective relief. To obtain such relief, Plastic Film must demonstrate a "sufficient likelihood of future injury." FDA v. All. for Hippocratic Med., 602 U.S. 367, 381, 144 S. Ct. 1540, 1556 (2024). However, as a taxpayer with

9

only one pending ERC claim, the only harm Plastic Film alleges is the IRS's past failure to act on its claim for the third quarter of 2020. Accordingly, Plastic Film does not allege any prospective injury, and therefore, cannot satisfy the requirement for prospective relief.

Additionally, Plaintiff's standing to pursue its APA claims also fails on the element of redressability. The Court finds that, although Plaintiff identifies several alleged harms arising from the IRS's reliance on Notice 2021-20, each of these harms would be fully remedied by a favorable judgment on the refund claim. Even if the Court were to vacate Notice 2021-20, the IRS would remain free to deny Plaintiff's ERC claim based on the statutory requirements of the Coronavirus Aid, Relief, and Economic Security Act ("CARES") Act. Vacatur would not require the agency to approve Plaintiff's claim, reconsider it, or alter its interpretation of the statute. Because the IRS could reach the same result in the absence of the Notice, Plaintiff's alleged injury is not likely to be redressed by the requested relief.

Because Plaintiff has not demonstrated that its injury is likely to be redressed by vacatur of Notice 2021-20, nor has it established any prospective harm, it lacks standing to pursue its APA claims. Accordingly, those claims are dismissed.

D. Sovereign Immunity and Adequate Legal Remedy

The United States, as a sovereign, is immune from suit except to the extent it has expressly waived that immunity. United States v. Testan, 424 U.S. 392 (1976); In re FEMA Trailer Formaldehyde Prods. Liab. Litig., 668 F.3d 281, 286 (5th Cir. 2012). The APA waives sovereign immunity for certain actions seeking non-monetary relief, provided there is no other adequate remedy available. 5 U.S.C. § 704. Where a plaintiff has an adequate legal remedy, such as a tax refund suit under 26 U.S.C. § 7422, APA review is generally precluded. See U.S. Army Corps of Engineers v. Hawkes Co., 578 U.S. 590, 591 (2016) ("[F]inal agency action is reviewable under the APA only if there are no adequate alternatives to APA review in court.").

Defendants contend that Plaintiff's APA claims are barred by sovereign immunity because Plaintiff possesses an adequate alternative remedy in the form of its tax refund action. [ECF No. 14] at 18.

Upon review, the Court finds that Plaintiff's refund action under § 7422 provides an adequate legal remedy for the relief sought. Consequently, sovereign immunity is not waived for Plaintiff's APA claims, and such claims are barred.

Accordingly, Counts II through IV must be dismissed on this basis.

E. Arbitrary and Capricious Agency Action / Notice-and-Comment Requirement

Although Counts II through IV are barred due to lack of standing and the absence of a waiver of sovereign immunity, the Court will address the merits of Plaintiff's three APA claims in the interest of completeness. Under the APA, a court may set aside agency action found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A). Agency rules that have the force and effect of law are generally subject to notice-and-comment rulemaking requirements, unless an exception applies. 5 U.S.C. § 553.

Upon consideration of the pleadings, the Court finds that Plaintiff has not alleged facts sufficient to plausibly suggest that the issuance of Notice 2021-20 was arbitrary or capricious. Moreover, the Notice appears to constitute an interpretive rule, which is exempt from notice-and-comment requirements. See Perez v. Mortgage Bankers Ass'n, 575 U.S. 92, 96 (2015); Stenson Tamaddon LLC v. IRS, No. CV-24-01123-PHX-SPL, 2025 WL 1725942 at *46 (D. Ariz. June 20, 2025). ("Given the pressure the IRS was under to issue guidance to the general public regarding the ERC program—a program that was swiftly passed in response to the COVID-19 pandemic—it is understandable why the agency exercised its discretion to issue that guidance in the form of an interpretive FAQ, rather than undergoing the months-long notice-and-comment

12

process."). As such, Plaintiff's claims under the APA for arbitrary and capricious agency action and violation of notice-and-comment rulemaking fail as a matter of law.

Accordingly, the Court will dismiss Plaintiff's APA claims on these grounds as well.

IV.  CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's refund claims for the second quarter of 2020, the fourth quarter of 2020, and the second quarter of 2021 are moot and must be dismissed. Plaintiff's claim for a refund for the third quarter of 2020, however, is sufficiently pleaded and survives the motion to dismiss. With respect to Plaintiff's APA claims (Counts II through IV), the Court concludes that Plaintiff lacks standing, that sovereign immunity is not waived due to the existence of an adequate legal remedy, and that the Complaint fails to state a plausible claim for arbitrary and capricious agency action or violation of the APA's notice-and-comment requirements.

The Court has considered all issues raised by the parties. Any arguments not specifically addressed herein have nevertheless been reviewed and found not to affect the outcome of the Court's decision.

ACCORDINGLY, for the foregoing reasons,

IT IS ORDERED that Plaintiff's refund claims for the second quarter of 2020, the fourth quarter of 2020, and the second quarter of 2021 are DISMISSED as moot.

IT IS FURTHER ORDERED that Plaintiff's claim for a refund for the third quarter of 2020 is sufficiently pleaded and survives the motion to dismiss.

IT IS FURTHER ORDERED that Plaintiff's claims under the Administrative Procedure Act (Counts II through IV) are DISMISSED for lack of standing, for lack of waiver of sovereign immunity due to the existence of an adequate legal remedy, and for failure to state a claim for arbitrary and capricious agency action or violation of the APA's notice-and-comment requirements.

SO ORDERED AND ADJUDGED this the 20th day of January, 2026.

/s/ David C. Bramlette
UNITED STATES DISTRICT JUDGE