**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**PLASTIC FILM, LLC,**                                                       **PLAINTIFF**

**VS.**                                                      **CIVIL NO. 5:25-cv-30-DCB-LGI**

**UNITED STATES OF AMERICA and**
**UNITED STATES INTERNAL REVENUE**
**SERVICE,**                                                              **DEFENDANTS**

---

**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS AS TO**
**DEFENDANTS' COUNTERCLAIM**

---

Before the Court is Plaintiff Plastic Film, LLC ("Plastic Film")'s Motion for Judgment on the Pleadings [ECF No. 27]; United States of America and United States Internal Revenue Service ("Defendants" or "Government")'s Response in Opposition [ECF No. 34]; and Plastic Film's Reply [ECF No. 40]. Having considered the motion, the responses, and applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds that Plastic Film's Motion for Judgment on the Pleadings [ECF No. 27] is DENIED.

**I.   Background**

On April 1, 2025, Plastic Film filed a complaint against the Government asserting claims for: (1) refund of payroll taxes under 26 U.S.C. § 7422(a); and (2) various violations of the Administrative Procedure Act ("APA"). [ECF No. 1]. On January 20, 2026, the Court dismissed as moot Plastic Film's refund claims

for the second and fourth quarters of 2020 and the second quarter of 2021, as the IRS had already issued refunds for those periods. [ECF No. 18] at 6. The Court allowed Plastic Film's refund claim for the third quarter of 2020 to proceed, but dismissed the APA claims for lack of standing, lack of waiver of sovereign immunity, and failure to state a claim. Id. at 7-13. On February 3, 2026, Defendants filed an Answer and Counterclaim seeking recovery of alleged erroneous tax refunds under 26 U.S.C. §§ 7401 and 7405. [ECF No. 19].

On March 16, 2026, Plastic Film filed a Motion for Judgment on the Pleadings as to Defendants' Counterclaim. [ECF No. 27]. Plastic Film argues, first, that IRS regulations require that improper Employee Retention Credit ("ERC") refunds be treated as underpayments of payroll taxes to be recovered through the administrative process under 26 U.S.C. § 6205, not through an "erroneous refund" suit under 26 U.S.C. § 7405. [ECF No. 28] at 8. Second, Plastic Film contends that, even if a § 7405 action were proper, the Defendants' Counterclaim fails to meet federal pleading standards because it recites statutory language without alleging specific facts to show that any erroneous refund was made. Id. at 9-14.

On April 13, 2026, Defendants filed their Response in Opposition. [ECF No. 34]. First, Defendants argue that they may recover an erroneous ERC refund under Sections 6532 or 7405 of

the Internal Revenue Code. [ECF No. 35] at 4. They contend that the Treasury Regulations cited by Plastic Film do not limit the United States to recovering erroneously refunded ERC credits solely through assessment; rather, the preamble to the Final Rule regarding ERC Recoupment Regulations allow assessment as an additional method while preserving the Government's existing authority to pursue recovery through a civil action under 26 U.S.C. § 7405. [ECF No. 35] at 4-6. Second, Defendants assert that they have plausibly alleged that Plastic Film was not entitled to the refunds it received. Id. at 7-11.

On April 28, 2026, Plastic Film filed its reply. [ECF No. 40]. First, Plastic Film argues that Defendants' reliance on the preamble to the Final Rule regarding ERC Recoupment Regulations is misplaced, as the preamble is not binding and cannot override the text of the regulation itself. [ECF No. 42] at 4. Second, Plastic Film reiterates that Defendants have not satisfied the plausibility pleading standard, contending that the Counterclaim merely makes conclusory assertions about Plastic Film's ineligibility for the refunds without alleging specific supporting facts. Id. at 7-9.

After careful consideration of all motions and the arguments presented, the Court now addresses the merits of the parties' positions:

3

## II.   Legal Standard

Motions for Judgment on the Pleadings are governed by FED. R. CIV. P. 12(c). "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Id. The standard for addressing a Rule 12(c) motion is the same as that for addressing a motion to dismiss under Rule 12(b)(6). In re Great Lakes Dredge & Co., 624 F.3d 201, 209-10 (5th Cir. 2010); Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Great Lakes Dredge, 624 F.3d at 210 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The factual allegations in a complaint must be enough to raise the right to relief above the speculative level. E.g., Twombly, 550 U.S. at 555; Great Lakes Dredge, 624 F.3d at 210. The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." Great Lakes Dredge, 624 F.3d at 210.

## III. Analysis

A. **Whether Congress's Grant of Authority Under § 7405 Continues To Permit Civil Actions For Erroneous ERC Refunds, Even After The Promulgation Of The 2023 Regulations.**

Section 7405(b) of the Internal Revenue Code expressly authorizes the United States to bring a civil action to recover any portion of a tax "which has been erroneously refunded." This authority has long been recognized as a distinct remedy available to the government for the recovery of tax refunds issued in error. See United States v. Wurts, 303 U.S. 414, 415-16 (1938) ("The Government by appropriate action can recover funds which its agents have wrongfully, erroneously, or illegally paid."). Further, the IRS has made it clear that "no statute is necessary to authorize the government to sue in such a case, since the right to sue is independent of statute." Wurts, 303 U.S. 414, 415 (citing United States v. The Bank of the Metropolis, 40 U.S. 377 (1841)).

Plastic Film argues that the 2023 IRS regulations, specifically 26 C.F.R. § 31.3111-6(b) and 31.3221-5(b), require all improper Employee Retention Credit ("ERC") refunds to be treated as underpayments of payroll taxes and recaptured administratively, thereby precluding the government from pursuing a civil action under § 7405. [ECF No. 42] at 4. However, in the preamble to these regulations, the IRS emphasized in the Federal Register, Vol. 88, No. 142, at page 48122 (July 26, 2023), that

5

"[t]hese assessment and administrative collection procedures are not intended to be exclusive and therefore do not replace the existing recapture methods but rather represent an alternative method available to the IRS." Plastic Film argues that the use of the mandatory term "shall" in the regulations, together with the preamble's statement that the administrative collection procedures are not intended to be exclusive or to replace existing recapture methods, means that "existing recapture methods" should be construed as referring only to remedies for underpayments. Id. at 42.

The Court does not agree. The plain language of the preamble indicates that the administrative assessment and collection procedures are alternatives, not replacements, for other statutory recapture methods available to the IRS, including the right to bring a civil action under § 7405. The use of "shall" in the regulation does not negate Congress's explicit grant of authority for the United States to recover erroneous refunds through suit.

Accordingly, the Court finds that the United States may pursue recovery of erroneously refunded ERC amounts through a civil action under 26 U.S.C. § 7405.

**B. Whether Defendants' Counterclaim, in Light of the Statutory Citation Error and the Factual Content Pleaded, States a Plausible Claim for Relief.**

**1. Leave to Amend for Statutory Mis-Citation.**

In its response in opposition, the Government concedes that the Counterclaim incorrectly cites 26 U.S.C. § 3134(c)(2)(A)(ii)(I) in the sixth paragraph to define "eligible employer," acknowledging that Section 3134 applies only to ERCs claimed for the third quarter of 2021 and not for the quarters at issue in this case. See 26 U.S.C. § 3134(n); [ECF No. 35] at 10. The Government argues that the language in Section 3134 mirrors the definition found in Section 2301(c)(2)(A) of the CARES Act, as amended by section 207 of the Relief Act, which does apply to the quarters at issue. Id. The Government requests leave to amend the Counterclaim to correct the citation if the Court deems it necessary. Id.

The Court finds that, in its discretion, granting leave to amend is appropriate under these circumstances. The Fifth Circuit has recognized that leave to amend should be freely given when justice so requires, unless amendment would be futile. See United States ex rel. Marcy v. Rowan Cos., Inc., 520 F.3d 384, 392 (5th Cir. 2008). Here, correcting the statutory citation may enable the Government to properly plead its claim, provided it also addresses the pleading deficiencies discussed below.

7

### 2. **Sufficiency of the Government's Pleading Under <u>Iqbal</u> and <u>Twombly</u>**.

The core issue is whether the Defendants' Counterclaim, apart from the citation error, is adequately pleaded under the federal plausibility standard set forth in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), and <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007). In its prior ruling on the Government's Motion to Dismiss, the Court found that Plastic Film's refund claim for the third quarter of 2020 was sufficiently pleaded because it contained "context and detail"[1] regarding the claim. [ECF No. 18] at 8. Plastic Film provided specific information about its business divisions (namely, Food and Industrial) which, it alleges, together comprised more than half of its business in 2019. [ECF No. 1] ¶ 28. Plastic Film further alleged that, due to COVID-19 restrictions, it was compelled to suspend more than a nominal portion of its operations and experienced significant decreases in quarterly gross receipts in 2020 and 2021 compared to 2019. [ECF No. 1] at ¶¶ 29-31.

By contrast, the Government's Counterclaim merely asserts, without factual specificity, that Plastic Film was not eligible for the ERC in Q2 and Q4 2020 and Q2 2021. [ECF No. 19] at 11. There are no additional facts pleaded explaining how Plastic Film

---

[1] The Court clarifies that its reference to "context and detail" is not intended to impose a heightened pleading standard beyond that required by Rule 8. Rather, this phrase is meant to emphasize that a complaint must include more than a bare, conclusory recitation of the elements of a cause of action.

failed to meet the eligibility requirements. The law of the case, as well as the plausibility standard, requires more: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." See Iqbal, 556 U.S. at 678.

In light of these deficiencies, the Court, in its discretion, grants the Government leave to amend its Counterclaim to correct the statutory citation and to plead sufficient factual content to meet the standards articulated in Iqbal and Twombly.

ACCORDINGLY,

IT IS HEREBY ORDERED that Defendants are granted leave to amend their Counterclaim within fourteen (14) days of the entry of this Order. Plaintiff's Motion for Judgment on the Pleadings [ECF No. 27] is DENIED WITHOUT PREJUDICE.

SO ORDERED this the 22nd day of June, 2026.

/s/ David C. Bramlette
UNITED STATES DISTRICT JUDGE

9